Clifford Hall State Controller 1525 Sherman Street Denver, Colorado 80203
Dear Mr. Hall:
This opinion letter is written in response to your November 13, 1989 inquiry about time limits for signing fiscal year 1989-90 capital construction contracts for professional services.
QUESTION PRESENTED AND CONCLUSION
Is § 24-30-1404(7), C.R.S. (1989 Supp.) applicable to capital construction projects funded in the 1989-90 appropriations bill.
Yes.
ANALYSIS
The purpose of §§ 24-30-1404 to 1408, C.R.S. (1988) "is to provide managerial control by the state over competitive negotiations for the acquisition of professional services provided by architects, engineers, landscape architects and land surveyors." Section 24-30-1401, C.R.S. (1988). The agency can negotiate with the highest qualified person who can provide services for a particular project. Section 24-30-1404(1), C.R.S. (1988). In 1989, the legislature enacted § 24-30-1404(7). Subsection (7) provides that at the time of its budget request, each agency must decide whether it can complete negotiations and execute a contract within 6 months after the appropriation for a capital construction project becomes law. If it concludes that the process will take longer than the allotted time, it must formally request a waiver in its proposed budget. If the Legislature grants the waiver, then the agency must complete the contracting process within the time frames allotted by the Legislature. If the Legislature rejects the request, the process must be completed within 6 months after the appropriations become law. Section 24-30-1404(7), C.R.S. (1989 Supp.).
You correctly note that it would have been impossible for agencies to request waivers in their 1989-90 budget requests because subsection (7) did not become law until April 27, 1989, 1 day after the appropriations bill became law. The question, then, is whether the inability to request a waiver makes the 6 month deadline inapplicable to capital construction contracts for fiscal year 1989-90. I conclude that it does not.
When determining the legislative intent, one must consider the objectives to be attained, any available legislative history and the consequences of the particular construction. Section2-4-203(1)(a), (c), (e), C.R.S. (1980). The pertinent legislative history reveals that the legislature's prime objective was to tighten rather than relax the deadline in § 24-30-1404(7).
The initial version of § 24-30-1404(7) provided that contracts for professional services "shall be executed within six months after the date on which the appropriation for the project for which the professional services are required becomes law." (S.B. 5, original draft.) The bill was subsequently amended to require that the contracts must be both executed and encumbered. The amendment indicates that the Legislature intended to make the deadlines more stringent.
At the hearing on January 17, 1989, the Senate Finance Committee was informed that the Attorney General interpreted the statute to preclude execution of a contract if the deadlines are not met. Because the Legislature was aware that the statute placed absolute limits on the time for execution of the contract and did not amend it to prevent this result, it must be presumed that they intended the result.
The legislature did exempt the highway department from the compliance with subsection (7). If the legislature had intended to postpone the deadline, it would have so stated in the bill. Colo. Const. art. V, § 19. The imposition of the strict deadline and the failure to delay implementation of the deadline dictate the conclusion that the legislature intended to make subsection (7) effective immediately.
SUMMARY
Section 24-30-1404(7), C.R.S. (1989 Supp.) applies to capital construction contracts for fiscal year 1989-90. If a contract for professional services is not executed and encumbered within 6 months after the project's appropriation becomes law, then the appropriation is no longer available. Similarly, if a contract with a project contractor is not executed within 6 months after the appropriation becomes law, the appropriation is no longer available.
Sincerely,
 DUANE WOODARD Attorney General
CONTRACTS STATUTES STATUTORY CONSTRUCTION
§ 24-30-1401(7), C.R.S. (1989 Supp.)
§ 24-30-1401(1), C.R.S. (1988)
§ 24-30-1404(7), C.R.S. (1989 Supp.)
§§ 24-30-1404 to 1408, C.R.S. (1988)
ADMINISTRATION, DEPT. OF
Section 24-30-1404(7), C.R.S. (1989 Supp.) applies to capital construction contracts for fiscal year 1989-90 even through the agencies may not request a waiver of the time limits for executing a contract.